## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

               * 

     vs.                       **Case No. PX-22-0291**

               *

**MATTHEW C. BROWNDORF**

               *

            ******

## ORDER OF DETENTION (18 U.S.C. § 3142)

      In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a bail review hearing/detention hearing has been held. I have concluded that the following facts require the detention of the defendant pending the trial of this case.

### PART I: FINDINGS OF FACT

☒   (1)   This is a case in which the government may properly seek detention.

☒   (2)   The defendant is charged under: <u>violation of conditions of release.</u>

☒   (3)   The maximum term of imprisonment, if convicted, is: <u>NA/revocation of release conditions.</u>

☒   (4)   There is probable cause to believe that the defendant committed a violation of release conditions.

         ☐   The government is entitled to a presumption under § 3142 (e) **[describe in Part II]**.

         ☐   The defendant has failed to rebut this presumption [as to flight risk] and [as to danger].

☒   (5)   I find, by a preponderance of the evidence, from the information produced at the hearing that there is a serious risk that the defendant will not appear.

☒   (6)   I find, by clear and convincing evidence, from the information produced at the hearing that the defendant poses a risk to the safety of other persons and the community.

☒   (7)   I find by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure the safety of the community.

### PART II: WRITTEN STATEMENT OF ADDITIONAL REASONS FOR DETENTION

<u>Mr. Browndorf is on conditions of release ("COR") in this Court but supervised by CDCA where he lives. Mr. Browndorf has pled guilty in EDWI with a sentencing hearing on 11/2/2023. EDWI has adopted this Court's COR. Pretrial has filed 2 NAVs. After two hearings, I find pursuant to 18 U.S.C. § 3148 that there is probable cause to believe that Mr. Browndorf has committed a felony offense in California while on COR. Furthermore, I find by clear and convincing evidence that Mr. Browndorf has committed other violations of his release conditions, namely that in June 2023, he made a materially false statement regarding his employment status in which he claimed in a rental application that he made $100,000 a year but told Pretrial that he was unemployed. Mr. Browndorf lacks stable employment and a stable residence. He lacks financially responsible sureties and has no known ties to DMD. Therefore, there are no conditions that can be established to reasonably assure the safety of the community given the economic danger he presents. Mr. Browndorf also presents a serious risk of non-appearance given the totality of his legal situation. The Court finds Mr. Browndorf is unable and/or unlikely to abide by any COR this Court may set. Mr. Browndorf has not rebutted the presumption under § 3148.</u>

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the U.S. Marshal shall deliver the defendant for the purpose of an appearance in connection with a court proceeding.

<u>October 16, 2023</u>
Date

                        <u>_____</u>
                        Timothy J. Sullivan
                        Chief United States Magistrate Judge