IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG 22-291 |
| | * | |
| MATTHEW C. BROWNDORF, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |
| ****** | | |

### Governmental Supplemental Sentencing Memo

The Government is attaching a copy of a victim impact statement that it received over the weekend.

                                            Respectfully Submitted,

                                            Phillip A. Selden
                                            Acting United States Attorney

By:             /s/

                                              Christopher Sarma
                                            Joshua Rosenthal
                                            Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all counsel of record, on February 24, 2025.

                                                  /s/
                                        Christopher Sarma
                                        Assistant United States Attorney

2046 Mount Vernon Street<br>
Philadelphia, PA 19130-3236<br>
jball@comcast.net<br>
<br>
February 22, 2025

Jessica Roman
United States Attorney's Office
District of Maryland
 Greenbelt Office
United States Courthouse
Suite 200
6500 Cherrywood Lane
Greenbelt, MD 20770

   Re: USA v. Matthew Charles Browndorf
      Docket No. 22-CR-00291-LKG
      Investigative Case No. 196D-BA-3165575
      Sentencing Hearing: March 6, 2025

Dear Ms. Roman:

  Kindly accept this letter as my Victim Impact Statement in connection with the sentencing hearing scheduled to take place on December 19, 2024, in the above-captioned matter. I am an "Other Person Significantly Harmed by a Crime" within the meaning of Article III of *The Attorney General Guidelines for Victim and Witness Assistance* (2022 Edition at pp. 18-20). I would have made this submission sooner but, unfortunately, I had to switch jobs and have also been tending to the needs of my 89-year-old father who suffered a devastating medical emergency that resulted in protracted hospital and then in-patient rehabilitation stays. I have had to help him through subsequent ER visits, hospitalizations, and numerous doctor appointments.

  In short, I wish to make Judge Grigsby aware of Mr. Browndorf's conduct that I witnessed during the six months I worked for him and his B.P. Fisher Law Group. My employment was barely six months because Mr. Browndorf terminated my employment after I discovered that – at least in New Jersey – Mr. Browndorf and his law firm had been operating without the required IOLTA account for safekeeping of client funds. I tried to get Mr. Browndorf and his firm to comply with that basic requirement, and he fired me in retaliation for my refusal to turn a blind eye and participate in his firm's unauthorized practice of law in New Jersey and its failure to safeguard funds belonging to clients and others. Because I was significantly harmed by Mr. Browndorf's conduct in furtherance of, and to try to cover up, his criminal scheme, I am requesting that the Court include as an elements of Mr. Browndorf's sentence a restitution requirement that includes the unpaid balance of the $925,731.19 judgment I was awarded by the Superior Court of New Jersey against Mr. Browndorf for his illegal termination of my employment in violation of New Jersey's Conscientious Employee Protection Act, N.J.S.A. §§ 34:19-1 – 34:19-8 ("CEPA").

      I firmly believe that the two counts to which Matthew Browndorf entered guilty pleas in the above-captioned matter, as well as the count to which he previously entered a guilty plea in the United States District Court for the Eastern District of Wisconsin, are merely small parts of a larger criminal scheme he masterminded and perpetrated out of several offices of law firms he owned and operated across the country. I may have been the first person to discover his unethical and criminal conduct or, at the very least, the first person working for him that refused to participate in his scheme and tried to get him to comply with his legal and ethical obligations regarding the safekeeping of funds belonging to others. I urge Judge Grigsby to consider this context and bigger picture when she decides the sentence to be imposed on Mr. Browndorf.

      By way of background, I am an attorney admitted in New Jersey, New York, and Pennsylvania. Mr. Browndorf hired me in April 2016 and gave me the meaningless title of Managing Attorney for B.P. Fisher Law Group's New Jersey and Pennsylvania offices. The title was meaningless because I had no actual authority to control the firm's conduct in its practice of law in New Jersey or Pennsylvania. The firm had already been operating in New Jersey since at least September of 2015. When I duly updated my attorney registrations to reflect my new affiliation with Browndorf's B.P. Fisher firm, I was required to identify the firm's New Jersey IOLTA account. A firm may not engage in the practice of law in New Jersey without an IOLTA account. I called to the attention of my superiors at the firm including both Grace Kim, Esquire, my immediate supervisor and attorney in charge of the firm's nationwide residential mortgage foreclosure practice, and Mr. Browndorf himself both the absence of the IOLTA account and the firm's persistent engagement in the unauthorized practice of law in New Jersey. I had hoped to convince Mr. Browndorf to become compliant with this basic requirement and legal obligation. My efforts were met with resistance and excuses. I thereafter refused to engage in the unauthorized practice of law in New Jersey on behalf of Mr. Browndorf and his firm and I also reported him and the firm to the attorney disciplinary authorities in New Jersey, New York, and Pennsylvania – the states in which Mr. Browndorf had been admitted to the bar and in which he was operating offices of B.P. Fisher. For reasons unknown to me, those disciplinary authorities did not take prompt action that may very well have prevented Mr. Browndorf's scheme from growing unchecked as it did before the two federal prosecutions were initiated.

      When I confronted him to try to get him to comply with laws and rules in the State of New Jersey to safeguard funds belonging to clients and third-parties, Browndorf illegally terminated my employment in violation of CEPA. He then tried to ruin my career by stating in publicly accessible court filings that I was incompetent and that his and his firm's willful and wanton failure to safeguard client and third-party funds were my somehow my fault. That gambit failed, however, and I was awarded a civil judgment against Browndorf in the amount of $925,731.19 by the Superior Court of New Jersey, Camden County. I have included with this letter a copy of that judgment.

      Ironically, one of the attorneys in Mr. Browndorf's empire, who lacked the moral compass to try to stop and correct Mr. Browndorf's reprehensible conduct, became a convenient scapegoat and sacrificial lamb. Andrew Ryan Corcoran, who worked in Mr. Browndorf's firm's Washington, D.C. area office, chose to assist Mr. Browndorf in perpetrating his mishandling and

Jessica Roman
February 22, 2025
Page 3 of 4
-----------------------

misappropriation of client funds.  Mr. Corcoran's law license was suspended by the Maryland, New York, and Washington, D.C. attorney disciplinary authorities.[1]  Mr. Browndorf was happy to allow his underling to take the fall while there were not (at least as of that time) any disciplinary consequences to Mr. Browndorf as the managing attorney who was responsible to supervise the attorneys working for him and also to safeguard client and third-party funds entrusted to him.

     I did not know at the time the scope and extent of Mr. Browndorf's mishandling and misappropriation of funds belonging to others.  But his failure or refusal to open and register the required NJ IOLTA account certainly suggested that there were serious issues.

     Contrary to the glowing testimonials submitted on behalf of Mr. Browndorf in the criminal prosecution against him in the Eastern District of Wisconsin,[2]  he knew what he was doing was wrong and illegal but he cooly calculated each and every move in his scheme.  He deserves no leniency whatsoever.  Rather, he deserves the fullest extent of punishment.

     In the E.D. Wisconsin proceedings, Mr. Browndorf and his family indicated an ability and desire to make restitution to those adversely impacted by his criminal conduct.  However, Mr. Browndorf omitted from his proposed restitution in that court the judgment of $925,731.19 plus post-judgment interest that I obtained against him for his illegal termination of my employment in retaliation for my trying to get him to comply with the requirements for safeguarding monies belonging to third parties and for reporting him to the attorney disciplinary authorities when he failed to do so.

     I am happy to answer any questions that the Court might have.  If the Court wishes to hear from me or would otherwise permit me to speak at the March 6, 2025, sentencing hearing, I respectfully request leave to appear by Zoom or other video conferencing technology.  It is a significant imposition on my new position that I started on January 7, 2025, for me to be away from work to travel to and from the courthouse in Greenbelt, Maryland.

     In closing, I respectfully request that the Court impose the maximum allowable sentence on Mr. Browndorf.  He is a discredit to the legal profession and has no conscience or remorse to prevent him from trying again to misappropriate funds belonging to others.  I also respectfully request that the Court include my judgment against Mr. Browndorf as part of the restitution terms and conditions of Mr. Browndorf's sentence.

---

[1] *Attorney Grievance Commission of Maryland v. Andrew Ryan Corcoran*, Misc. AG 11-2021 (Md. Mar. 9, 2022); M*atter of Corcoran*, 211 A.D.3d 28177 N.Y.S.3d 584 (1st Dept. Nov. 15. 2022); and *In re: Andrew Ryan Corcoran*, 282 A.3d 107 (D.C. Sept. 22, 2022)

[2] I can only reference what Mr. Browndorf filed in the E.D. Wisconsin proceedings because it appears that Mr. Browndorf's sentencing memorandum in this Court was made as a proposed filing under seal.  *See* Doc. 62.  I am unable to access that document via PACER.

Jessica Roman
February 22, 2025
Page 4 of 4
-----------------------

Thank you for your time and consideration.

                                      Respectfully submitted,

                                      Jonathan F. Ball

Attachment (New Jersey Superior Court Judgment)

**COSTELLO & MAINS, LLC** #2
By: Drake P. Bearden, Jr.
Attorney I.D. No. 039202009
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
dbearden@costellomains.com
Attorneys for Plaintiff

| | |
|---|---|
| JONATHAN BALL, | SUPERIOR COURT OF NEW JERSEY |
| | CAMDEN COUNTY - LAW DIVISION |
| Plaintiff, | |
| | CIVIL ACTION |
| vs. | |
| | DOCKET NO: CAM-L-2133-17 |
| BP FISHER LAW GROUP, LLP, PLUTOS SAMA, LLC, WILSON, HARVEY AND BROWNDORF, MATTHEW BROWNDORF, JOHN DOES 2-5 and 8-10, | **ORDER ENTERING JUDGMENT AND AWARDING ATTORNEY'S FEES, COSTS AND INTEREST** |
| Defendants. | |

**THIS MATTER** having been opened to the Court by Drake P. Bearden, Jr., of Costello & Mains, LLC, attorneys for Plaintiff, seeking an Order Entering Judgment against Defendant, Matthew Browndorf and awarding attorneys' fees, enhancements, costs, and interest with the Court having reviewed the moving papers, any opposition thereto, and having heard the arguments, if any, of counsel and for good cause shown;

**IT IS** on this 5th day of August 2022, hereby **ORDERED** as follows:

1. The hourly rates for Plaintiff's counsel in this matter are as follows:

    a) Drake P. Bearden, Jr., Esquire - $450.00 per hour;

    b) Paralegals - $125 per hour;

    c) Kevin M. Costello - $600 per hour;

    d) Deborah L. Mains - $500 per hour; and

   e) Amanda O'Keefe - $250 per hour.

2. The lodestar hours multiplied by rates in this matter are as follows:

   a) Drake P. Bearden, Jr. - $32,280;

   b) Paralegals - $10,412.50;

   c) Kevin M. Costello - $13,2020;

   d) Deborah L. Mains - $250;

   e) Amanda O'Keefe - $3,325.

3. The total loadstar for attorneys' fees is therefore $59,287.50.

4. Applying an enhancement to the loadstar of 50% for the risk of contingency loss and the legal risks, and policies implicated under the CEPA represented in this award; the total multiplier is $29,643.75.

5. The total Counsel fees awarded in this matter with loadstar plus enhancement is therefore $88,931.25.

6. Costs are awarded in this matter in the amount of $6,632.13

7. Pre-judgment interest is hereby awarded in the amount of $80,167.81

8. The amount awarded to the prevailing party by operation of the Court's verdict was $750,000.

9. The total Judgment in this matter in favor of the prevailing party against Defendant, Matthew Browndorf is as follows:

   a) $6,632.13 in costs;

   b) $750,000.00 in accordance with the bench verdict;

   c) $80,167.81 in pre-judgment interests; and

   d) $88,931.25 in attorneys' fees plus enhancements.

10. The total Judgment in the amount of $925,731.19.

11. It is further Ordered that within seven (7) days of the date of the receipt of this Order, a copy of this Order shall be served via U.S. Mail upon Defendant, Matthew Browndorf.

AS SET FORTH ON THE RECORD ON AUGUST 4, 2022

/s/ Donald J. Stein

Donald J. Stein J.S.C.

_____ Opposed

X\_\_\_\_ Unopposed